IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LEONARD CHARLES WAFER § | |
| (TDCJ No. 1478005), § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | No. 3:19-cv-431-L-BN |
| § | |
| POLK COUNTY 411TH DISTRICT § | |
| COURT, ET AL., § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action initiated by a Texas prisoner through a form petition for seeking habeas relief under 28 U.S.C. § 2254 has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. Because the relief Petitioner Leonard Charles Wafer seeks is civil in nature, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Wafer pays the full filing fee of $400.00.

**Applicable Background**

Wafer, currently serving a 30-year sentence for aggravated kidnapping, handed down after he was convicted in a state court in Navarro County, Texas, alleges that a state court in Polk County, Texas conspired with the court in Navarro County "and

filed charges that were over – to get [his] [state habeas] writ denied." Dkt. No. 3 at 2, 4; *see also id.* at 6 ("Polk County indicted me intentionally for Navarro County to destroy my chance for my 11.07 bench warrant release. ... After Court of Criminal Appeals denied by writ, Polk County dismissed charges because conspiracy was accomplished.").

The civil nature of this suit is further supported by Wafer's failure to challenge the fact or duration of his current confinement, choosing instead to request monetary damages. *See id.* at 7 ("I want the maximum penalty brought against [Polk County] to be paid to me for everyday I been incarcerated when they conspired with Navarro County from 7-12-16 until this issue is solved."); *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("Both 28 U.S.C. § 2254 and 42 U.S.C. § 1983 offer relief to those improperly confined by the government. Which statutory vehicle to use depends on the nature of the claim and the type of relief requested, the instructive principle being that challenges to the fact or duration of confinement are properly brought under habeas." (footnotes omitted)); *see also Jackson v. United States*, No. 3:18-cv-265-M-BN, 2018 WL 2164526, at *1 (N.D. Tex. Apr. 16, 2018) ("While Jackson's Replevin Complaint has been docketed as a petition for writ of mandamus, this Court must construe a prisoner's *pro se* filings, no matter how labeled, based on the relief sought."), *rec. accepted*, 2018 WL 2151328 (N.D. Tex. May 10, 2018); *cf. Reed v. Thaler*, No. 2:11-cv-93, 2011 WL 3924171, at *2 (N.D. Tex. Aug. 15, 2011) (A petitioner who "seeks both monetary damages, which are primarily available in a civil rights action pursuant to 42 U.S.C. § 1983, and release [from incarceration], which is available in a habeas

corpus action pursuant to 28 U.S.C. § 2254," seeks "two forms of relief that cannot be obtained in the same suit."), *rec. adopted*, 2011 WL 3927746 (N.D. Tex. Sept. 7, 2011).

Regardless of the merits of Wafer's current claims, if any, his litigation history in this Court alone as of September 2009 reflected that he already "was allowed to proceed *in forma pauperis* [("IFP")] in three prior civil actions filed in this court while he was incarcerated. All three cases were dismissed either as frivolous or for failure to state a claim." *Wafer v. Corsicana Police Dep't*, No. 3:09-cv-1680-B, 2009 WL 3124755, at *2 (N.D. Tex. Sept. 29, 2009) (citing *Wafer v. Hill*, No. 3:07-cv-1647-N (N.D. Tex. Oct. 24, 2007), *rec. adopted*, (N.D. Tex. Dec. 20, 2007); *Wafer v. Thompson*, No. 3:07-cv-1143-P, 2007 WL 4226358 (N.D. Tex. Nov.30, 2007); *Wafer v. Cox*, No. 3:07-cv-891-D, 2007 WL 4165748 (N.D. Tex. Nov. 20, 2007); denying leave to proceed IFP and dismissing case without prejudice for failure to pay the statutory filing fee).

## Legal Standards and Analysis

A prisoner may not proceed IFP if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328,

330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam) (noting that use of "the past tense when describing" symptoms is not sufficient to allege imminent danger and that such an allegation based on inadequate medical care should be corroborated by medical records or grievances); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251,

at \*2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Wafer's current filing falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks substantive factual allegations – that are also not fanciful, fantastic, or delusional – to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

The Court should therefore bar Wafer from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

**Recommendation**

The Court should summarily dismiss this civil action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Leonard Charles Wafer pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 5, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE