IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEONARD CHARLES WAFER (TDCJ No. 1478005),** | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. **3:19-CV-431-L** |
| **POLK COUNTY 411TH DISTRICT COURT,** *et al.*, | § § § § | |
| Respondent. | § § | |

# <u>ORDER</u>

On January 16, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 4) was entered, recommending that the court summarily dismiss without prejudice this action as barred by 28 U.S.C. § 1915(g) "unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Wafer pays the full filing fee of $400.00." Report 1, 5. The magistrate judge further determined that Petitioner's pleadings do not establish that he is currently in imminent danger for purposes of satisfying the exception to the "three strikes" bar applicable to prisoner lawsuits.

Instead of filing objections, Petitioner filed a motion (Doc. 10), which was received by the court and docketed on May 9, 2019. In this motion, Petitioner indicates that his deadline to pay the full filing fee of $400 was extended by this court to May 8, 2019, and he requests for the first time that he be allowed to pay the filing fee in partial or monthly installment amounts collected from his inmate account until the filing fee of $400 is paid in full.

**Order – Page 1**

On March 21 and April 17, 2019, the court granted Petitioner's requests for extensions of time to retain an attorney, pay the $400 filing fee, and file objections to the Report. On April 17, 2019, the court extended this deadline to May 8, 2019, but warned that no further extensions would be granted. By requesting additional time twice to retain an attorney and pay the $400 filing fee, Petitioner impliedly conveyed to the court that he had the financial means to hire an attorney and pay the full amount of the filing fee. Now, approximately two months after entry of the Report and obtaining two extensions to retain an attorney and pay the $400 filing fee, Petitioner asserts that he does not have the financial means to pay the full amount of the $400 filing fee and requests to pay the fee in installments. The court views Petitioner's recent motion as simply another delay tactic. As Petitioner has not filed objections to the Report and has failed to pay the *full amount* of the filing fee of $400 as ordered within the original or extended deadlines set by the court for filing objections and paying the filing fee, the court **denies** his Motion to Collect Initial Partial or Monthly Installment Fees from his Inmate Trust Fund (Doc. 10). Moreover, as explained below, because Petitioner has not made the required showing of imminent danger of a serious physical injury in this case, he cannot take advantage of the initial partial payment provision of Section 1915.

Having carefully reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **dismisses without prejudice** this action pursuant to 28 U.S.C. § 1915(g) for failure to pay the full amount of the requisite filing fee by the deadlines set by the court. Petitioner will not be allowed to pursue the claims asserted in this action unless he first pays the $400 filing fee. Further, the court **directs** the court to term all pending motions.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Petitioner, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. The cost to file a motion to proceed on appeal with the Fifth Circuit is $505. Because Petitioner has accumulated three strikes, he cannot file any new lawsuit or appeal, as long as he is incarcerated, without first prepaying the filing fee, unless he can show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Petitioner has not made the required showing of imminent danger of a serious physical injury in this case. Therefore, he cannot take advantage of the initial partial payment provision of Section 1915. Accordingly, if Petitioner appeals, he must pay the $505 fee in full immediately. As explained, however, Petitioner may challenge this determination by filing a separate motion to proceed *in forma pauperis* on appeal, with the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 21st day of May, 2019.

Sam A. Lindsay
United States District Judge